ELECTRONICALLY
FILED
06/19/2019
U.S. DISTRICT COURT
Northern District of WV

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| JUSTIN J. JUSTICE | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:19-CV-201 (Bailey) |
| v. | ) | |
| | ) | |
| HALLIBURTON ENERGY SERVICES, INC. | ) | |
| and DENNIS MAXWELL JONES, | ) | |
| | ) | (From the Circuit Court of |
| Defendants. | ) | Marshall County, West Virginia |
| | ) | Civil Action No. 19-C-111) |
| | ) | |
| | ) | **NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that Halliburton Energy Services, Inc. (hereinafter, "HES") hereby removes the state court action captioned *Justin J. Justice v. Halliburton Energy Services, Inc., et al.* Civil Action No. 19-C-111, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of this Notice of Removal, HES states that this Court has diversity jurisdiction over this action and pleads as follows:

## BACKGROUND

### A. NATURE OF THE CASE

1. On or about May 9, 2019, Plaintiff commenced this civil action against HES and Dennis Maxwell Jones ("Jones") by filing a Complaint in the Circuit Court of Marshall County, West Virginia, bearing Civil Action No. 19-C-111. A copy of the Complaint is attached hereto as *Exhibit A*.

2. Capital Corporate Services, Inc. accepted service of process on behalf of HES on May 20, 2019.

3. Plaintiff's Complaint contains four causes of action arising from injuries allegedly sustained in a collision that occurred on Robert's Ridge Road in Marshall County, West Virginia, on or about March 18, 2019. *See, generally, Exhibit A*. Count 1 asserts a Negligence cause of action against Jones. Count 2 asserts Respondeat Superior and alleges that at all times relevant hereto, Jones was acting in the course and scope of his employment as a truck driver for HES. Count 3 is a count for Negligent Entrustment/Supervision, alleging HES negligently entrusted the vehicle to Jones while Count 4 is a Negligent count against HES. *See Exhibit A*.

4. The Plaintiff demands judgment against HES and Jones, jointly and severally in "an amount to be determined by a jury." *Exhibit A*, at p. 5.

B. **REMOVAL**

5. As set forth in more detail below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 as an action between citizens of different states in which the amount in controversy exceeds $75,000, pursuant to 28 U.S.C. § 1332(a), and HES has satisfied the procedural requirements for removal set forth in 28 U.S.C. § 1446.

**REMOVAL IS PROPER UNDER DIVERSITY JURISDICTION**

A. **COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN PLAINTIFF AND HES**

6. This is an action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one that may be removed to this Court under 28 U.S.C. § 1441, in that there exists complete diversity of citizenship between the properly joined parties -- Plaintiff and HES -- in the underlying cause of action. Jones, a West Virginia Resident, is a nominal party who may be disregarded for the purposes of diversity. *See* 28 U.S.C.A. § 1332(a). Finally, the amount in controversy as between Plaintiff and HES exceeds the sum or value of $75,000, exclusive of interests and costs.

2

7. For purposes of diversity jurisdiction, the citizenship of a corporation is determined by (a) its place of incorporation and (b) its principal place of business. *See* 28 U.S.C. § 1332(c)(1). *See Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 102 (4th Cir. 2011). A corporation's principal place of business is always its "nerve center." *Id*. at 104.

8. At the time of the filing of the Complaint, HES was a Delaware corporation with its principal place of business in Houston, Texas.

9. The Plaintiff is a citizen of Ohio. *Exhibit A,* at p. 1.

10. Jones is a citizen of West Virginia, but is a nominal party whose citizenship may be disregarding for the purposes of diversity jurisdiction and Jones, as an employee of HES, does not have a substantial stake in the litigation, has the same counsel as HES and does not intend to exercise any control or engage in any decision-making in this case. *See Kidd v. Gilfilen*, 170 F. Supp. 2d 649 (S.D.W. Va. 2001).

11. In general, "nominal or formal parties, being neither necessary nor indispensable, are not required to join in the petition for removal." *Smith v. Health Ctr. of Lake City, Inc.,* 252 F.Supp.2d 1336, 1339 n. 5 (M.D.Fla.2003) (*quoting Tri–Cities Newspapers, Inc. v. Tri–Cities Printing Pressmen and Assistants' Local 349, Int'l Printing Pressmen & Assistants' Union of N.A.,* 427 F.2d 325, 327 (5th Cir.1970)). "The ultimate test of whether the ... defendants are ... indispensable parties ... is whether in the absence of the [defendant], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to plaintiff." *Smith,* 252 F.Supp.2d at 1339 n. 5 (internal citations and quotations omitted). "Nominal means simply a party having no immediately apparent stake in the litigation either prior to or subsequent to the act of removal. In other words, the key inquiry is whether the suit can be resolved without affecting the non-consenting nominal defendant in any reasonably

foreseeable way." *Conrad v. Ocwen Loan Servicing, LLC*, No. 1:17CV53, 2017 WL 3185142, at *5 (N.D.W. Va. July 26, 2017), citing *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.,* 736 F.3d 255, 260 (4th Cir. 2013).

12. It is clear that Plaintiff and HES maintain diversity and removal is appropriate using HES's principal place of business and place of incorporation. As Jones is nominal party, his citizenship is disregarded. Accordingly, there is a complete diversity of citizenship in this civil action, as required by 28 U.S.C. § 1332.

      **B.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

13. Based on the allegations in the Complaint, the amount in controversy, exclusive of interests and costs, exceeds $75,000, as required by 28 U.S.C. § 1332(a).

14. A defendant can establish the amount in controversy by setting forth facts in the notice of removal that demonstrate the amount in controversy exceeds $75,000. *See Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, at 554 (2014) ("In sum, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.").

15. Plaintiff's allegations in the Complaint demonstrate that they seek damages well in excess of $75,000. Plaintiff alleges personal injury, property damage, pain and suffering, mental anguish and distress, annoyance and inconvenience, lost wages, a diminution in his ability to enjoy life, and all other damages permitted by applicable law. *Exhibit A.*

16. This list of alleged damages demonstrates that Plaintiff's claims exceed the requisite amount in controversy for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).

### C. REMOVAL IS TIMELY

17. Removal is timely under 28 U.S.C. § 1446(b) because HES was served with a Summons and Complaint on May 20, 2019.

18. No previous request has been made for the relief requested herein.

### D. VENUE AND OTHER REQUIREMENTS ARE SATISFIED

19. The United States District Court for the Northern District of West Virginia includes Marshall County, the County in which the Action is now pending. Therefore, venue is proper because the Northern District of West Virginia is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

20. As required by 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to Plaintiff and to the Clerk of the Circuit Court of Marshall County, West Virginia.

21. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon HES in the state court action are attached as *Exhibit B*.

22. The Clerk of the Circuit Court of Marshall County, West Virginia, has been requested to submit a certified copy of the entire state court record to this Court for filing. A copy of the current circuit court docket sheet is attached hereto as *Exhibit C*.

23. No admission of law or fact is intended by the filing of this Notice of Removal, and all defenses, affirmative defenses and motions are hereby preserved.

24. The right to supplement this Notice of Removal or to present additional arguments in support of entitlement to remove and in support of this Court's jurisdiction is hereby reserved.

WHEREFORE, Defendant Halliburton Energy Services, Inc. gives notice that the matter styled as *Justin J. Justice v. Halliburton Energy Services, Inc., et al.* Civil Action No. 19-C-111, is removed to the United States District Court for the Northern District of West Virginia.

Respectfully submitted the 19th day of June, 2019.

          **Defendant,**
          **HALLIBURTON ENERGY SERVICES, INC.,**
          **By Counsel**:

          */s/ Jeffrey D. Van Volkenburg*
          Debra Tedeschi Varner (WV State Bar #6501)
          Jeffrey D. Van Volkenburg (WV State Bar #10227)
          James A. Varner, Sr. (WV State Bar #3853)

          Varner & Van Volkenburg, PLLC
          200 Peck Street, Suite 102
          P. O. Box 2370
          Clarksburg, WV 26302-2370
          Telephone: (304) 918-2840
          Facsimile: (304) 566-1161

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JUSTIN J. JUSTICE,

        Plaintiff,

v.

HALLIBURTON ENERGY SERVICES, INC.
and DENNIS MAXWELL JONES,

        Defendant.

Civil Action No. 5:19-CV-201
Honorable Bailey

# CERTIFICATE OF SERVICE

This is to certify that on the 19th day of June, 2019, the undersigned counsel served the foregoing **NOTICE OF REMOVAL** upon counsel of record *via facsimile* and/or by depositing a true copy in the United States Mail, postage prepaid, in an envelope as follows:

Taylor D. Potts, Esquire
Christopher M. Turak, Esquire
Gold, Khourey & Turak, L.C.
510 Tomlinson Avenue
Moundsville, WV 26041
*Fax (304) 845-1286*
*Counsel for Plaintiff*

/s/ Jeffrey D. Van Volkenburg

7