IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

2019 MAY -9 PM 3: 56

JUSTIN J. JUSTICE,

    Plaintiff,

Vs.                                                        Civil Action No. 19-C-111
                                                        Judge: Cramer

HALLIBURTON ENERGY SERVICES, INC.,
and DENNIS MAXWELL JONES,

    Defendants.

## COMPLAINT

Comes now, the Plaintiff, Justin J. Justice, for his Complaint against the Defendants, Halliburton Energy Services, Inc. and Dennis Maxwell Jones, and alleges the following:

### Factual Allegations

1. Plaintiff, Justin J. Justice, is a resident and citizen of Bellaire, Belmont County, Ohio.

2. Upon information and belief, the Defendant, Halliburton Energy Services, Inc. (hereafter "Halliburton"), is a corporation organized and existing under the laws of the State of Delaware, which is licensed to do business and does business in the State West Virginia, and maintains its principal place of business at 3000 N. Sam Houston Parkway E., Houston, Harris County, Texas.

3. Defendant, Dennis Maxwell Jones (Hereafter "Jones"), is a citizen and resident of Wheeling, Ohio County, West Virginia.

4. Defendant Halliburton provides products and services to the oil and gas industry, including transportation of cargo to and from job sites.

5. Defendant Halliburton conducts business in, derives revenue from, and makes use of roads in Marshall County, West Virginia.

6. At all times relevant to this action, Defendant Jones was operating a tractor-trailer owned, leased, and/or maintained by Defendant Halliburton.

7. On or about March 18, 2019, the Plaintiff, Justin J. Justice, was driving his 2000 Ford S-10 truck northbound on County Route 21/Robert's Ridge Road in Marshall County, West Virginia, on his way home from work.

8. At this same time Defendant Jones, driving southbound on the same road, negotiated a curve his tractor-trailer was unable to properly preform, causing at least the back 3/4 of the tractor-trailer to cross into and block the opposing lane of traffic.

9. Upon entering the curve, Plaintiff, Justin J. Justice, observed his lane blocked by the Defendants' tractor-trailer, and attempted to avoid a collision, was unable to do so, and collided with the Defendants' tractor-trailer.

10. The collision totaled the Plaintiff, Justin J. Justice's, 2000 Ford S-10, and caused the Plaintiff to suffer property damage, personal injuries, and other damages.

## Count 1: Negligence

11. The Plaintiff hereby realleges all of the claims contained in Paragraphs 1 through 10 of this Complaint as if expressly set forth herein.

12. The conduct of Defendant Jones was negligent, careless, improper, and/or reckless in the following respects:

   a. Defendant Jones failed to yield the right of way to the Plaintiff;

   b. Defendant Jones failed to maintain control over his vehicle;

   c. Defendant Jones made an improper turn;

   d. Defendant Jones crossed the center line;

  e.  Defendant Jones blocked the opposing lane of traffic;

  f.  Defendant Jones failed to use ordinary care in operating his vehicle;

  g.  Defendant Jones failed to use a flag/lead vehicle; and

  h.  Defendant Jones violated the traffic and safety laws of the State of West Virginia and the United States of America.

13. As a direct and proximate result of the negligent, careless, improper, and/or reckless conduct of Defendant Jones the Plaintiff, Justin J. Justice, suffered property damage and personal injuries, which required the Plaintiff to expend sums of money, and which may require further expenditures, to ameliorate.

14. As a direct and proximate result of the collision, damages, and injuries the Plaintiff, Justin J. Justice, has endured and will continue to endure pain and suffering, mental anguish and distress, and has been annoyed, aggravated, and inconvenienced, as well as suffered lost wages and a diminution in his ability to enjoy life.

15. By operating the tractor-trailer in the manner described above the damages and injuries caused were foreseeable by Defendant Jones.

## Count 2: Respondeat Superior

16. The Plaintiff hereby realleges all of the claims contained in Paragraphs 1 through 15 of this Complaint as if expressly set forth herein.

17. At all times relevant to this action, Defendant Jones was acting in the course and scope of his employment and/or authority as a truck driver for Defendant Halliburton.

18. Defendant Halliburton is liable for the acts of its employee/agent, Defendant Jones, under the legal theory of respondeat superior.

19. As a direct and proximate result of the negligent, careless, improper, and/or reckless conduct of Defendant Halliburton's employee/agent, Defendant Jones, the Plaintiff, Justin J. Justice, has suffered damages and injuries, previously described.

### Count 3: Negligent Entrustment/Supervision

20. The Plaintiff hereby realleges all of the claims contained in Paragraphs 1 through 19 of this Complaint as if expressly set forth herein.

21. Defendant Halliburton negligently, carelessly, improperly, and/or recklessly entrusted its vehicle to Defendant Jones, and/or otherwise failed to train, qualify and/or supervise Defendant Jones in the proper operation of the vehicle.

22. As a direct and proximate result of Defendant Halliburton negligently, carelessly, improperly, and/or recklessly entrusting the vehicle to and failing to supervise Defendant Jones the Plaintiff, Justin J. Justice, suffered damages and injuries, previously described.

23. By improperly trusting and/or failing to properly train, qualify, and/or supervise Defendant Jones, in the manner described above, the damages and injuries incurred by the Plaintiff, Justin J. Justice, were foreseeable by Defendant Halliburton.

### Count 4: Negligence

24. The Plaintiff hereby realleges all of the claims contained in Paragraphs 1 through 23 of this Complaint as if expressly set forth herein.

25. The conduct of Defendant Haliburton was negligent, careless, improper, and/or reckless in the following respects:

    a. Defendant Halliburton failed to arrange for the use of a flag/lead vehicle;

b.  Defendant Halliburton failed to engage in proper route management and/or route planning for its tractor-trailer routes; and

c.  Defendant Halliburton violated the traffic and safety laws of the State of West Virginia and the United States of America.

26. As a direct and proximate result of the negligent, careless, improper, and/or reckless conduct of Defendant Halliburton the Plaintiff, Justin J. Justice, suffered property damage and personal injuries, which required the Plaintiff to expend sums of money, and which may require further expenditures, to ameliorate.

27. As a direct and proximate result of the collision, damages, and injuries the Plaintiff, Justin J. Justice, has endured and will continue to endure pain and suffering, mental anguish and distress, and has been annoyed, aggravated, and inconvenienced, as well as suffered lost wages and a diminution in his ability to enjoy life.

28. By failing to make proper arrangements for the safe travel of the tractor-trailer in the manner described above the damages and injuries caused were foreseeable by Defendant Halliburton.

## Demand for Trial by Jury

The Plaintiff respectfully requests that this matter be tried before a jury.

WHEREFORE, the Plaintiff prays for judgment against the Defendants, Dennis Maxwell Jones and Halliburton Energy Services, Inc., jointly and severally, for compensatory damages in an amount to be determined by a jury, and such other damages as the Court deems appropriate, together with attorneys fees and costs.

Respectfully Submitted,

GOLD, KHOUREY & TURAK, L.C.

By: _____
Taylor D. Potts, Esq. (WV #12799)
Christopher M. Turak, Esq. (WV #8611)
510 Tomlinson Avenue
Moundsville, WV 26041
T: (304) 845-9750
F: (304) 845-1286
Email: tdp@gkt.com; cmt@gkt.com
**Counsel for Plaintiff, Justin J. Justice**