# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA
# WHEELING

**JUSTIN J. JUSTICE**,

    Plaintiff,

v.                                                                      **CIVIL ACTION NO. 5:19-CV-201 (BAILEY)**

**HALLIBURTON ENERGY SERVICES, INC.**
and **DENNIS MAXWELL JONES**,

    Defendants.

## ORDER GRANTING MOTION TO REMAND

Pending before this Court is plaintiff's Motion to Remand [Doc. 8], filed July 16, 2019. The motion has been fully briefed and is now ripe for decision. Having reviewed the record and considered the arguments of the parties, this Court concludes that the plaintiff's motion to remand should be granted.

The issue in this case is whether defendant Dennis Maxwell Jones is a nominal defendant. If Jones is a nominal defendant, then this case can continue in this Court. If Jones is not a nominal defendant, then this case must be remanded to state court because he is a citizen of the same state in which this Court sits. *See* 28 U.S.C. § 1441(b)(2).

Defendant Jones, a West Virginia resident, is an employee of defendant Halliburton Energy Services, Inc. ("Halliburton"), a corporate resident of Texas and Delaware. Plaintiff is a citizen of Ohio. During the events at issue in this case, Jones was driving a tractor-trailer as an employee of Halliburton, a fact that is not disputed by either party. [Doc. 8-1 at 1; Doc. 9 at 9]. The allegations in the Complaint are that Jones was driving a

1

tractor-trailer and the back half of the trailer crossed the center line, blocking the opposite lane of traffic. Plaintiff was driving in the opposing lane. Plaintiff collided with the trailer as he was driving around a turn. Plaintiff alleges he suffered personal injuries, property damage, and other damages. Plaintiff brought a four-count Complaint in West Virginia state court with claims against Jones individually for negligence, and against Halliburton for *respondeat superior*, negligent entrustment/supervision, and negligence [Doc. 1]. Halliburton then removed to this Court.

When an action is removed from state court, a federal district court is required to first determine whether it has original jurisdiction over the plaintiffs' claims. In this case, all the parties are citizens of different states. However, if a defendant is a citizen of the same state in which the federal district court sits, then the case must be remanded to state court. 28 U.S.C. § 1441(b)(2). However, Halliburton argues Jones, a West Virginia resident, is only a "nominal" defendant and therefore his state of citizenship should be disregarded in the Court's jurisdictional analysis.

"The burden of demonstrating jurisdiction resides with 'the party seeking removal.'" **Maryland Stadium Auth. v. Ellerbe Becket Inc.**, 407 F.3d 255, 260 (4th Cir. 2005) (citing **Mulcahey v. Columbia Organic Chems. Co.**, 29 F.3d 148, 151 (4th Cir. 1994)). Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. **Shamrock Oil & Gas Corp. v. Sheets**, 313 U.S. 100 (1941). If federal jurisdiction is doubtful, a remand to state court is required. **Maryland Stadium**, 407 F.3d at 260.

There is a small exception to § 1441(b)(2), and that is the nominal defendant exception that Halliburton invokes here. The Fourth Circuit, after rejecting other district courts' and circuits' tests for determining who can be a nominal party, stated that "Nominal means simply a party having no immediately apparent stake in the litigation either prior or subsequent to the act of removal. In other words, the key inquiry is whether the suit can be resolved without affecting the non-consenting nominal defendant in any reasonably foreseeable way." *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 260 (4th Cir. 2013). Further, the Court held that determining if a party is nominal "is a practical inquiry, focused on the particular facts and circumstances of a case, which district courts can be relied upon to apply with the same sound judgment demonstrated in this action." *Id.* at 260–61. The reason the Fourth Circuit embraced a case-by-case basis analysis is because any attempt to categorize what parties could be nominal or not "would only complicate and frustrate a trial court's straightforward inquiry: whether the non-removing party has an interest in the outcome of the case." *Id.* at 261.

Halliburton argues that Jones is a nominal defendant because he has no substantial stake in the litigation, has the same counsel as Halliburton, and does not intend to exercise any control of the decision-making in the case. Further, Halliburton argues that since the accident occurred while Jones was in the course of his employment and that plaintiff is bringing a claim for *respondeat superior* against Halliburton, that Jones has no stake in the litigation. Finally, Halliburton states Jones is a nominal party because "it is not likely that Jones will incur financial liability as a result of the proceedings" and "Jones will be indemnified by Halliburton for any settlement or judgment in this matter." [Doc. 9 at 8, 9].

3

Plaintiff argues that West Virginia law allows for both an agent and an employer to both be liable for their actions independent of each other. Plaintiff further contends Jones does have an interest in the outcome of this case because there is a claim against him in his individual capacity and because he can be harmed by losing his employment, future employability, and his CDL could possibly be affected. Finally, plaintiff argues that Jones is not nominal because in his Answer to the Complaint, he denied any liability [Doc. 5].

This Court agrees with plaintiff that Jones is not a nominal defendant. First, plaintiff alleges a claim of negligence against Jones in his individual capacity separate from the claim against Halliburton for Halliburton's own actions and the actions of Jones as an agent of Halliburton. Jones was the driver of the tractor-trailer and the person who was the primary actor in the event. This greatly cuts against Halliburton's argument. *See* **Gilbert v. Dick's Sporting Goods, Inc.**, 2016 WL 2593934, at *3 (E.D. Va. May 4, 2016) (granting remand because the store employee who was alleged to have caused injuries to a patron could be liable and would need to remain in the case even if plaintiff sued the store itself for *respondeat superior*).

Second, it is clear that West Virginia law allows for an employee and employer to both be held liable independently. *See* **Musgrove v. Hickory Inn, Inc.**, 168 W.Va. 65, 69, 281 S.E.2d 499, 502 (1981). In **Musgrove**, the Supreme Court of Appeals of West Virginia held

> the doctrine of *respondeat superior* does not relieve the servant of his tort liability. This principle rests on the fact that an agent or employee can be held personally liable for his own torts against third parties and this personal

4

liability is independent of his agency or employee relationship. This same

rule is generally accepted elsewhere.

*Id.* at 69, 281 S.E.2d at 501. Further hammering the point that both an agent and employer can both be liable, the court held "the fact that they were acting individually or as agents is irrelevant. If they tortiously injured the plaintiff, they are liable. In effect, the question of their capacity as agents or employees is immaterial to the plaintiff's right to recover against them personally." *Id.* at 69, 281 S.E.2d at 502. Finally, the court also stated it in this way: "An agent or employee can be held personally liable for his own torts against third parties and this personal liability is independent of his agency or employee relationship. Of course, if he is acting within the scope of his employment, then his principal or employer may *also* be held liable." **Musgrove**, 168 W.Va. 65, 281 S.E.2d 499, Syl. Pt. 3 (emphasis added). It is clear that West Virginia law does not preclude individual liability just because a *respondeat superior* claim was also asserted in the same complaint. *See, e.g., **id.*** at 69, 281 S.E.2d at 502; **Barath v. Performance Trucking Co.**, 188 W.Va. 367, 370, 424 S.E.2d 602, 605 (1992) ("The fundamental rule in West Virginia is that if it can be shown that an individual is an agent and if he is acting within the scope of his employment when he commits a tort, then the principal is liable for the tort as well as the agent."); **Choice Hotels Int'l, Inc. v. Fisher**, 2014 WL 795046, at *4 (N.D. W.Va. Feb. 27, 2014) (Bailey, J.) ("It follows that defendant Fisher's infringing conduct may give rise to both his individual liability and the liability of the corporate entity on whose behalf he was acting."). Therefore, since a claim could theoretically be sustained against Jones individually even if a *respondeat superior* claim is found against Halliburton, then Jones has an interest in this

5

litigation because there is a chance he could be personally liable. Plaintiff's argument that he is suing Jones for his alleged negligence in driving the truck and suing Halliburton for its alleged negligence in failing to arrange for a flag car show very clearly how there are two different, independent claims against Jones and Halliburton. [Doc. 8-1 at 6]

Third and finally, the fact that Halliburton claims that it will indemnify Jones does not mean Jones is nominal. Halliburton states that it is "unlikely" that Jones could incur financial liability from this case. "Unlikely" is not good enough to survive a motion to remand based on a nominal party argument. If there is any chance Jones can be held liable, then he has an interest in this case and is therefore not a nominal defendant. If every defendant who came to court was a nominal party because there is a chance they may not have to pay out of their own pocket, then the federal courts would be overburdened and the state courts would be close to empty because any person or entity with an insurance plan could be a nominal defendant. This Court does not find Halliburton's argument persuasive.

In short conclusion, this Court finds that the Halliburton has failed to overcome its burden to demonstrate this Court's jurisdiction over this matter. Defendant Jones is not a mere nominal party in this case. He is a citizen of West Virginia, and therefore, under § 1441(b)(2), this case must be remanded. Thus, it is not necessary to analyze the amount in controversy argument.

Accordingly, this Court hereby **GRANTS** the Plaintiff's Motion to Remand **[Doc. 8]**. As such, this matter is hereby **REMANDED** to the Circuit Court of Marshall County, West Virginia.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record herein and to the Clerk of the Circuit Court of Marshall County, West Virginia.

**DATED:** August 23, 2019.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE